FILED

UNITED STATES DISTRICT COURT

ALBUQUERQUE, NEW MEXICO

JAN - 0 2002

*Robert M March*

CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GILBERT PAUL B. RICO DIAZ,

      Plaintiff Pro Se,

vs.                               CIV NO. 01 - 681 M/LCS

JOSEPH N. WILTGEN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on the Defendant New Mexico Workers'
Compensation Judge Joseph N. Wiltgen's Motion to Dismiss for Failure to State a Claim. Judge
Wiltgen has brought this motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)
(6). Having reviewed the Motion, the Plaintiff's Response and the Defendant's Reply, I find that
the Motion is well taken and will be granted. The Complaint is hereby dismissed with prejudice
for failure to state a claim upon with relief can be granted. A separate Order of Dismissal
accompanies this Memorandum Opinion and Order.

### STANDARD OF REVIEW

The Defendant Judge Wiltgen has brought his Motion to Dismiss as a motion to dismiss

for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6). The standards of review for a motion to dismiss for failure to state a claim are well established. All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the non-moving party, in this case the Plaintiff. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the pleadings are resolved in favor of the Plaintiff. *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998). "A 12 (b)(6) motion should not be granted 'unless if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *David v. City and County of Denver*, 101 F.3d 1334, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In addition, the Plaintiff is proceeding pro se in his lawsuit. Hence his pleadings are held to less stringent standards than those drawn by an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, giving all due deference to the allegations contained in the complaint, I find that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief.

## BACKGROUND

Plaintiff Gilbert Diaz suffered a work related injury on November 25, 1996 in New Mexico. The injury was treated by various Workers' Compensation providers but apparently the Plaintiff was unhappy with the medical treatment he was receiving. He applied for an Automatic Change of Health Care Provider which was denied in March 1997 by Workers' Compensation Judge Pete Dinelli. Plaintiff was either unable to access Workers' Compensation Benefits at

some point in 1997 or he was so very dissatisfied with the Workers' Compensation benefits being provided that he began using private health care providers, incurring medical bills of approximately $16,000.

The Plaintiff filed a complaint pursuant to the New Mexico Workers' Compensation Act for medical and financial benefits. His case was heard on April 10, 2000 by Judge Joseph Wiltgen. The decision was not in his favor. The Complaint states that the decision left Plaintiff with "no income or benefits due Plaintiff, and only the Workers Compensation's specifically chosen physicians for Plaintiff to answer to." Plaintiff alleges in his Complaint that the decision by Judge Wiltgen was not supported by the evidence presented at his hearing.

The Complaint details mistakes of fact that Judge Wiltgen allegedly made with copious references to Exhibits. The Exhibits were not attached to the Complaint and therefore cannot be referenced by this Court. (Local Civil Rule for the United States District Courts of New Mexico 10.4 Attachments to Pleadings. Exhibits are not attached to a pleading unless the documents attached form the basis for the action or defense.) The primary complaint of the Plaintiff is that he was dissatisfied with the medical treatment being offered by the physicians in the Workers' Compensation system and preferred to use his own choice of physicians but that Kemper Insurance Company, which provided Workers' Compensation coverage for his employer, would not provide compensation to Plaintiff's selected physicians.

Judge Wiltgen upheld the Kemper Insurance Company's decision to limit the Plaintiff to "employer/insurer's specifically selected physicians for any and all future medical treatments." Apparently when there was a discrepancy between the conclusions or recommendations of the Plaintiff's selected physicians and those provided by Workers' Compensation, the Judge

3

accepted the conclusions and recommendations of the Workers' Compensation physicians and made finding accordingly. These findings apparently included recommended treatments for Plaintiff's work injury, the extent of his disability from the injury, his expected recovery and his return to work release. Plaintiff objects to these conclusions and recommendations contained in the decision issued by Judge Wiltgen as not supported by the testimony and evidence presented at his Workers' Compensation Hearing.

The Complaint alleges jurisdiction under the RICO Statutes, 18 U.S.C. §1961 et seq. but contains not a single allegation concerning alleged RICO activities. Plaintiff's Counts are a list of rights which have allegedly been violated including the right to choose, receive treatment from and get a second opinion from one's own physicians, the right to receive financial and medical benefits for a work related injury, the right to receive future and lifetime medical benefits anywhere in the United States for a work related injury and the right not to be discriminated against and disregarded. The Complaint prays for compensatory damages, punitive damages and attorneys' fees.

Gilbert Diaz apparently moved to Florida sometime in the last couple of years although he asserts in his Complaint that his address is in Albuquerque, New Mexico and that he is a resident of New Mexico. Dissatisfied with the decision of Judge Wiltgen, Plaintiff filed an action in the United States District Court for the Northern District of Florida. Plaintiff sought to have his workers' compensation case transferred from New Mexico to Florida. United States Magistrate Gary Jones of the Northern District of Florida filed a report and recommendation in which he wrote, "[i]t is apparent that Plaintiff seeks review of the order issued by the State of New Mexico's Worker Compensation Administration and wants this Court to alter that

4

judgment." The Court recommended that the case be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1332 (c) . While I do not have the final Order in the file, apparently an Order dismissing the case was entered. Plaintiff appealed that Order to the United States Court of Appeals for the Eleventh Circuit. His appeal was dismissed for want of prosecution on February 26, 2001.

Plaintiff petitioned the United States Supreme Court for a Writ of Certiorari in March, 2001 again listing basically the same arguments contained in the Complaint before me. The petition for the writ of certiorari was denied June 29, 2001. The case before me was filed days prior to that decision, on June 15, 2001.

## DISCUSSION

The Defendant Judge Wiltgen has absolute judicial immunity for actions committed with the apparent scope of his judicial duties. *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812 (10th Cir. 1981). The Workers' Compensation Act of New Mexico expressly provides that "Workers' Compensation judges shall have the same immunity from liability for their adjudicatory actions as district court judges." §52-5-2 (D) NMSA 1978 (1991 Repl.)

> It is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous or by whatever motives prompted. ... The rule of immunity ... extends to all classes of courts and applies to the highest judge of the nation and to the lowest officer who sits as a court and tries petty cases ... ."

*Hoppe v. Clapperich*, 28 NW 2d 780 (Minn. 1947)

Plaintiff's allegations of his Complaint contain a litany of factual findings, conclusions

5

and decisions which Plaintiff claims were unsupported by the evidence presented at his Workers' Compensation hearing. Judge Wiltgen made all these findings, conclusions and decisions with which the Plaintiff is unhappy within his judicial capacity as a New Mexico Workers' Compensation judge. Thus, while the Plaintiff may honestly feel as though the decisions were wrong and unsupported by the evidence, the Defendant Judge Wiltgen may not be brought into this court in a lawsuit for compensatory or punitive damages.

Taking all the allegations of the complaint as true, for example that Judge Wiltgen failed to consider a doctor's report in reaching a conclusion or that Judge Wiltgen did not find correctly that Plaintiff had reached maximum medical improvement, these findings, decisions and conclusions are squarely within the capacity of a judge sitting as the Workers Compensation Judge in a hearing at which workers' compensation benefits are being determined. The Complaint does not contain a single alleged act committed by the Defendant which does not fall within his purview as a Workers' Compensation Judge. Therefore, the Complaint fails to state a claim for which relief can be granted against the defendant Judge Wiltgen because he is protected by the grant of judicial immunity.

The complaint does not state a cause of action under the federal RICO statutes, 18 U.S.C. §1961 et seq. To state a civil RICO claim under §1962 (a), (b) or (c) the complaint must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Cayman Exploration Corp. v. United State Gas Pipe Line Co.*, 873 f.2d 1357, 1362 (10th Cir. 1989). To state a civil RICO claim under §1962 (d) the complaint must allege the existence of a conspiracy and the commission of an overt act in furtherance of the conspiracy. *Beck v. Prupis*, 529 U.S. 494 (2000). The Plaintiff's Complaint contains not a single allegation relating to civil RICO

6

claims and even the broadest reading of the Complaint fails to bring it within the purview of the civil RICO statutes. Therefore, in the alternative the complaint is dismissed for failure to state a RICO claim upon which relief can be granted.

Plaintiff is not without remedies if dissatisfied with the outcome of his Workers' Compensation hearing. A New Mexico worker has a statutory right to a judicial appeal of that hearing. §52-5-8 NMSA 1978 (1991 Repl.) states that "any party in interest may, within thirty days of the mailing of the final order of the workers' compensation Judge, file a notice of appeal with the court of appeals." The statute details how the appeal is to be handled and the standard of review.

Furthermore, § 52-5-9 NMSA 1978 (1991 Repl.) explains how a party in interest may apply for a modification of a compensation order which affects compensation benefits provided by the Workers' Compensation Act. A review may be obtained within two years of the last payment of benefits or the denial of benefits. Again the statute details the procedure and the grounds for a review. Plaintiff has been given a statutory scheme by which to remedy the alleged mistakes of fact or law contained in his workers' compensation decision. While the time limitation under §52-5-8 for a judicial review in the New Mexico state courts appears to have passed, the time limitation of §52-5-9 does not appear to have run.

## CONCLUSION

The Complaint fails to state a claim for which relief can be granted and is therefore dismissed pursuant to Federal Rule of Civil Procedure 12 (b) (6). The Complaint alleges that acts which the Defendant did in his capacity as a Workers' Compensation Judge have harmed the

7

Plaintiff and violated his rights. The Defendant is immune from a suit for damages due to his judicial immunity as a Worker's Compensation Judge and therefore cannot have a lawsuit brought against him for actions committed within the purview of his role as a Judge. The Complaint also fails to allege facts which would give rise to a civil RICO claim. Therefore the Complaint is also dismissed for failure to state a civil RICO claim for which relief could be granted.

 

 

_____

SENIOR UNITED STATES JUDGE